Virginia and Martin ZAPALAC, Appellants,

v.

Nell CAIN, Appellee.

No. 01–98–01065–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 22, 2001.

---

Nancy J. Hesse–Hamren, Houston, for appellant.

Jerry K. Atkins, Houston, for appellee.

Panel consists of Justices COHEN, JENNINGS, and DUGGAN.*

## OPINION

DUGGAN, Justice (Retired).

This is an appeal from a will contest. Appellants, Virginia and Martin Zapalac, appeal from the trial court's judgment awarding $40,000 in attorney's fees to Nell Cain, appellee. We affirm.

## I.

## INTRODUCTION

Everett Junior Cain (the decedent) died on or about January 9, 1996, survived by appellee, Nellie Marie Wideman Cain ("Cain"), his wife, and appellant, Jean Virginia Cain Zapalac ("Virginia Zapalac"), his daughter. The decedent left a will that

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas

was executed on January 6, 1996 (the "1996 will"), about three days before his death, at the home of Virginia Zapalac and her husband, appellant, Martin Zapalac (collectively, the "Zapalacs").

Virginia Zapalac had the 1996 will admitted to probate; she was named independent executrix and qualified as such. On July 15, 1996, Cain filed a suit contesting the admission of the 1996 will to probate, asserting that the will was the result of undue influence and that the decedent lacked testamentary capacity when he executed it. The Zapalacs individually filed answers to Cain's action. As Independent Executrix of the 1996 will, Virginia Zapalac later filed a counterclaim, seeking an accounting and turnover of the estate property, as well as punitive damages for Cain's alleged refusal to comply with previous requests to turn over estate property.

On October 9, 1997, approximately 15 months after her original suit and approximately five weeks before trial, Cain filed an amended pleading in which she not only contested the 1996 will, but also for the first time attempted to introduce a purported holographic will executed by the decedent in 1993, which designated Cain as the principal beneficiary (the "1993 will"). In her amended pleading, Cain also requested for the first time an award of attorney's fees under Section 243 of the Texas Probate Code. *See* TEX. PROB. CODE ANN. § 243 (Vernon Supp.2001).

Upon trial of the underlying will dispute (but not Virginia Zapalac's counterclaim), the jury found, *inter alia*, that (1) the 1996 will did not result from undue influence, (2) the decedent had testamentary capacity when he executed it, and (3) all parties acted in good faith in seeking to introduce their respective wills. The jury found $40,000 to be a reasonable attorney's fee for both the Zapalacs and Cain. The Zapalacs filed a motion to disregard jury find-

at Houston, participating by assignment.

ing No. 10 (that Cain was entitled to $40,000 in attorney's fees) and then a motion to reconsider the denial of this motion. The clerk's record, however, does not contain a ruling on the motion to disregard the jury's finding.[1] We assume both were overruled by operation of law. Several months after the jury trial, but before issuing final judgment on the will contest, the trial court severed Virginia Zapalac's counterclaim for an accounting and turnover, and that matter is not before us. The trial court entered final judgment admitting the 1996 will to probate and awarding $40,000 in attorney's fees to the Zapalacs and to Cain.

The Zapalacs now appeal the award of attorney's fees to Cain.

## II.

### ISSUES PRESENTED

In a single point of error, the Zapalacs argue that the trial court erred in refusing to disregard the jury's finding that Cain was entitled to attorney's fees for the following reasons: (1) there is "no probative evidence of probative force" to support Cain's $40,000 award of attorney's fees; (2) the 1993 will Cain sought to admit to probate was invalid; (3) any award of attorney's fees should have been charged against Cain's portion of the estate; (4) Cain has already used more than $40,000 in estate assets to pay her attorney's fees; and (5) the jury question regarding Cain's entitlement to attorney's fees was immaterial.

## III.

### ANALYSIS

**A. Whether there is "no probative evidence of probative force" to support Cain's $40,000 award of attorney's fees**

**1. Standard of review**

When considering a no-evidence challenge, we review "all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor." *Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 285–86 (Tex.1998). "[W]e consider only the evidence and inferences which support the challenged jury finding, and we disregard all contrary evidence and inferences." *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). A trial court may disregard a jury's answer to a question in the charge only when the answer has no support in evidence or the question is immaterial. *See* Tex. R. Civ. P. 301 (upon motion and reasonable notice, court may disregard any jury finding on question that has no support in evidence); *Spencer v. Eagle Star Ins. Co.,* 876 S.W.2d 154, 157 (Tex.1994).

**2. Section 243 of the Texas Probate Code**

The Zapalacs' no evidence argument is premised upon their interpretation of Section 243 of the Texas Probate Code, which provides as follows:

When any person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings. When any person designated as a devisee, legatee, or beneficiary in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether suc-

---

1. The Zapalacs' motion to reconsider the denial of their motion to disregard jury finding No. 10, however, states that the trial court expressly denied the motion to disregard. Nevertheless, the appellate record does not contain this ruling.

cessful or not, he may be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

TEX. PROB. CODE ANN. § 243.

Cain's original contest, filed July 15, 1996, challenged the 1996 will but did not seek to admit the 1993 will to probate. Cain's amended pleading, filed October 9, 1997—some 15 months after her original contest and five weeks before trial—both contested the 1996 will and affirmatively sought for the first time to admit the 1993 will to probate. As proof at trial of her reasonable attorney's fees as the primary beneficiary of the 1993 will for "having the [1993] will or alleged will admitted to probate," Cain offered her trial attorney's statement of $46,462.50 in fees and $1,904.83 in expenses for litigation efforts from April 2, 1996 (three and one-half months before Cain's contest was filed) through September 25, 1997 (nearly two months before trial). This exhibit and her own testimony were Cain's only evidence to support the statutory award of attorney's fees to her. Because all of the dates in the fee statement precede Cain's amended pleading, the Zapalacs contend these efforts related solely to Cain's contest of the 1996 will, not her effort to have the 1993 will admitted to probate.

The Zapalacs argue that Section 243 provides for a discretionary, not mandatory, award of attorney's fees when the party seeking enforcement or the defense of a will is a beneficiary of the will rather than its executor or administrator. They raise two arguments regarding Cain's entitlement to attorney's fees under this statute.

**3. Whether a party may seek attorney's fees for litigation effort predating the filing of a Section 243 pleading**

■ First, the Zapalacs assert that a person is entitled to attorney's fees under Section 243 only from the point he first files a pleading seeking to introduce or defend a will in probate. They cite Texas cases holding that "[a]bsent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity." *State v. Estate of Brown,* 802 S.W.2d 898, 900 (Tex.App.—San Antonio 1991, no writ); *see also R. Conrad Moore & Assoc., Inc. v. Lerma,* 946 S.W.2d 90, 96 (Tex.App.—El Paso 1997, writ denied). Thus, they argue, Cain was entitled to attorney's fees for the first time (if at all) when she sought by her amended pleading on October 9, 1997 to enforce the 1993 will rather simply contest the 1996 will.

■ However, the Zapalacs' cited cases do not stand for the proposition that attorney's fees may not be awarded for litigation efforts expended before a claim is filed invoking Section 243's provision for attorney's fees. Their cases simply assert the general proposition that a final judgment awarding affirmative relief must be supported by pleadings requesting such relief. Notwithstanding that proposition, "an amended pleading takes the place of the original pleading and ... the original pleading is superseded and is no longer a part of the live pleadings." *Sheerin v. Exxon Corp.,* 923 S.W.2d 52, 55 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Ludwig v. Enserch Corp.,* 845 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, no writ). We hold that the award of reasonable attorney's fees to Cain was supported by her amended pleading which sought to admit the 1993 will to probate and expressly invoked a request for attorney's fees and expenses.

**4. Whether there is evidence that Cain's litigation efforts, before the filing of her amended pleading, were directed toward the admission of the 1993 will to probate**

■ The Zapalacs also argue more broadly that Cain is not entitled to attorney's fees for her efforts before filing her amended pleading because, they assert, there is no evidence those efforts were

directed toward the defense or admission of a will to probate. They contend that a party may not be reimbursed under Section 243 for efforts related *solely* to attacking another party's will. Here, they argue, the evidence shows that Cain's attorney's efforts were directed solely toward contesting the admission of the 1996 will until shortly before trial. Only then, for the first time, did Cain introduce the 1993 will.

Under Texas law, a party who seeks *only* to contest a will may not obtain statutory reimbursement for attorney's fees under Section 243. *See* Tex. Prob. Code Ann. § 243; *Drake v. Muse, Currie & Kohen,* 532 S.W.2d 369, 374-75 (Tex.Civ. App.—Dallas 1975, writ ref'd n.r.e.) (finding that Section 243's provision for attorney's fees was not applicable to an administratrix who "was not seeking to have a will admitted to probate nor was she defending a will already admitted").

The reporter's record, however, contains evidence showing that Cain's litigation efforts, prior to the filing of her amended pleadings, were directed toward the ultimate strategy of admitting the 1993 will to probate instead of the 1996 will. At the close of evidence, attorneys for both parties presented objections to the proposed jury charge. In objecting to the proposed question about Cain's reasonable attorney's fees, the Zapalacs argued that Cain was not entitled to compensation for her counsel's efforts before she filed her amended pleading—efforts directed solely toward contesting the 1996 will. Cain's attorney responded as follows:

> Judge, my response to that [objection] would be that we had the February 1993 will all along, and it was a judgment matter as to when that should be presented, and all the actions that were taken in this case by myself from April of 1996 were in support of the probate of that will, or for the support of that will being probated.

Cain's testimony at trial supports this characterization of her litigation strategy:

> **Question:** Okay, now Mrs. Cain, so far as you know and believe, is this February, 1993 [will], the valid last will and testament of Everett Junior Cain?
>
> **Cain:** That's what he wanted, yes.
>
> **Question:** Okay. And you have hired me, have you not, *to see that this will is probated?*
>
> **Cain:** Well, if it is possible, yes.
>
> . . .
>
> **Question:** And you, in fact, believe that these other two purported wills were made at a time when he lacked testamentary capacity, do you not?
>
> **Cain:** That's right. He didn't know what he was doing, no.
>
> . . .
>
> **Question:** Okay. And you have agreed to pay me for my time spent on this case at the rate of $225 an hour, have you not?
>
> **Cain:** I signed that agreement, Mr. Atkins.
>
> **Question:** And that was done in April of 1996, was it not?
>
> **Cain:** Right.
>
> **Question:** And through September 25, 1997, I billed you for time spent *in that regard,* have I not?
>
> **Cain:** Yes.

(Emphasis added.)

In a contest between two or more wills, defending or prosecuting a will frequently involves an attack on the other will(s). The Zapalacs have not cited—nor have we found—any Texas case holding that a party affirmatively seeking to have a will admitted to probate is not entitled to attorney's fees for that portion of its litigation strategy that contests a rival will.

Cain testified that she believed the 1993 will was her deceased husband's last valid will, and the jury found that she acted in good faith and with just cause in defending this will in order to admit it to probate. We find there was some evidence, more than a scintilla, to support the jury's award

of attorney's fees for Cain's good faith attempt to admit the 1993 will to probate.

### B. Whether Cain was not entitled to attorney's fees because the 1993 will was invalid

■ Under Section 59 of the Texas Probate Code, a holographic will must be written entirely in the handwriting of the testator, and a non-holographic will must be witnessed by two credible witnesses in the testator's presence. TEX. PROB. CODE ANN. § 59 (Vernon 2000). The Zapalacs cite trial testimony indicating that Cain may have handwritten the 1993 will herself; therefore, they contend, it was not a valid holographic will. *See* TEX. PROB. CODE ANN. §§ 59, 60 (Vernon 2000). Further, they cite evidence that the 1993 will contained different dates next to the signatures for the decedent and the two witnesses to the will, notwithstanding testimony from one of the witnesses to the will that all three individuals signed the will contemporaneously and in each other's presence. The Zapalacs argue that Cain should not be awarded attorney's fees for seeking to admit a patently invalid will.

■ The record does not reflect that appellants presented this argument to the trial court, *i.e.*, that an invalid will cannot support an award of attorney's fees under Section 243; it is, therefore, not preserved for our appellate review. TEX. R. APP. P. 33.1(a). But even if appellants had not waived this argument, Section 243 provides for the discretionary award of attorney's fees for the defense of a will or prosecution of an attempt to admit a will to probate "whether successful or not." TEX. PROB. CODE ANN. § 243. Section 243 specifies that this attempt must be made in good faith, but does not require that the document offered as a will ultimately be found valid. *See, e.g., In re Estate of Huff,* 15 S.W.3d 301, 305 (Tex.App.—Texarkana 2000, no pet.) (determining that attorney's

fees could be awarded under Section 243 for a handwritten document offered as a will even though the trial court found the purported will was invalid).

### C. Whether both awards of attorney's fees should have been awarded from Cain's portion of the estate

■ The Zapalacs argue alternatively that, should this Court find that Cain was entitled to attorney's fees, both their own and Cain's attorney's fee awards should be charged against Cain's share of the decedent's estate because her claims were groundless. They cite cases from other states applying this approach to groundless and unsuccessful litigation brought by an obstreperous beneficiary.[2]

However, appellants have not cited (nor has our research found) any Texas case that has charged an award of attorney's fees under Section 243 against only the portion of the estate belonging to a party who unsuccessfully attempted, in good faith, to admit another will to probate. Section 243 expressly provides that, when an unsuccessful party in good faith defends a will or attempts to introduce it to probate, his necessary attorney's fees "may be allowed out of *the* estate." TEX. PROB. CODE ANN. § 243 (emphasis added). To judicially engraft the words "out of the *unsuccessful party's portion* of the estate" would contravene the explicit wording of the Section 243.

### D. Whether Cain's award for attorney's fees has already been satisfied

■ The Zapalacs also argue that the trial court should have disregarded the jury's finding on attorney's fees because Cain has already paid her attorney more than $40,000 in attorney's fees out of estate assets. The Zapalacs cite testimony from Cain indicating that she may have paid her attorney more than $46,000 in

---

2. *See, e.g., Estate of Leslie,* 886 P.2d 284 (Colo.App.1994); *Webbe v. First Nat'l Bank & Trust Co.,* 139 Ill.App.3d 806, 93 Ill.Dec. 886, 487 N.E.2d 711 (1985); *Boston Safe Deposit & Trust Co. v. Stone,* 348 Mass. 345, 203 N.E.2d 547 (1965).

fees from an account or accounts containing commingled estate and personal funds.

This argument is not properly a part of this appeal. As Independent Executrix under the 1996 will, Virginia Zapalac raised the same argument in her counterclaim for an accounting and turnover of all estate assets in Cain's possession or control; the trial court severed the counterclaim before entering final judgment. Whether Cain has satisfied the attorney's fee award from the estate is properly a part of the subject matter of the severed counterclaim—Cain's alleged use or misuse of estate assets.

### E. Whether the jury question regarding Cain's attorney's fees was immaterial

██ Finally, appellants assert the trial court should have disregarded the jury finding on Cain's reasonable attorney's fees because the question was immaterial. *See, e.g., Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994) (stating that a "question is immaterial when it should not have been submitted, or when it was properly submitted but has been rendered immaterial by other findings"). Other than the arguments already addressed above, the Zapalacs do not explain how this jury question was improperly submitted or rendered immaterial by other findings. To the extent the Zapalacs assert an independent argument of immateriality, it is waived for failure to brief adequately. See Tex. R. App. P. 38.1(h).

### IV.

### CONCLUSION

The trial court did not err in failing to disregard the jury's finding that Cain was entitled to $40,000 in attorney's fees. The Zapalacs' point of error is overruled.

We affirm the trial court's judgment.