In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00954-CV

____________


MOHAMMAD HANIF, Appellant


V.


ALEXANDER OIL COMPANY, Appellee






On Appeal from the County Court at Law

Washington County, Texas

Trial Court Cause No. 00-98 





O P I N I O N


 Appellant, Mohammed Hanif, appeals from a judgment entered after a bench
trial. The trial court rendered judgment holding appellant personally liable (1) for
breach of a contract to supply a certain brand of gasoline to a convenience store and
awarded damages, prejudgment interest, and attorney's fees to the supplier, appellee,
Alexander Oil Company (Alexander Oil). Appellant's six issues challenge the trial
court's interpretation of the supply contract and the amounts awarded for certain
damages and attorney's fees. We affirm. 

Background


 Alexander Oil supplied Coastal brand gasoline to the Pik n Pak convenience
store in Alvin, Texas. An Alexander Oil salesman, Dennis Trigg, negotiated with
appellant to supply the gasoline. Trigg had previously negotiated with appellant to
supply gasoline to another convenience store. On October 21, 1997, appellant signed
a Customer Credit Application and Payment Agreement (agreement) for Alexander
Oil to provide the convenience store an estimated $10,000.00 worth of gasoline
weekly. An additional letter to Alexander Oil, signed by appellant, set additional
terms, including a seven-year term that would be extended if the convenience store
did not purchase 4,200,000 gallons of fuel during that time. The agreement and the
letter identified Qadir H. Ghaffir as owner and principal of the business and appellant
as guarantor. Appellant identified himself as the owner of the convenience store in
a letter he sent to Coastal Oil Company, in which he referred to his agreement with
Alexander Oil as supplier and asked that Coastal approve the convenience store as a
"branded" Coastal station. (2) 

 Alexander Oil began delivering gasoline to the convenience store in October
1997 and continued until spring 2000, when the store's financial difficulties resulted
in non-payment for fuel delivered to the store. Alexander Oil stopped delivering fuel,
and the business failed. While the convenience store was in business, Alexander Oil
(1) supplied gasoline at $0.02 per gallon over cost, plus $0.01 per gallon
transportation, (2) arranged and paid for Coastal's "branding" the store, which
included providing Coastal trademarking, trade dress, and credit-card imprinting, (3)
paid the convenience store $9,000.00 as partial reimbursement for installing
additional fuel pumps, and (4) provided a credit plan, all in compliance with the
agreement and additional letter appellant signed as guarantor. When the business
failed, the convenience store had an outstanding balance of $17,377.00 for fuel
Alexander Oil had supplied. 

 Alexander Oil sued to recover under the supply contract, and the parties tried
the issues to the court in a one-day trial. Three days later, the trial court issued a
letter ruling announcing its decision and asked counsel for Alexander Oil to prepare
a judgment based on the letter ruling. Approximately two weeks later, the trial court
signed a judgment awarding Alexander Oil actual damages of $62,460.35,
prejudgment interest of $3,747.62, and attorney's fees of $5,500.00. Appellant filed
a postjudgment motion for new trial, but did not request postjudgment findings of fact
and conclusions of law. 

Standard of Review


 Appellant's points of error challenge recitals in the trial court's letter ruling
sent to the parties before the judgment was signed. Appellant refers to these recitals
as findings of fact and conclusions of law and challenges them under the standards
that govern postjudgment findings of fact and conclusions of law entered after a
bench trial under rule 296 of the Rules of Civil Procedure. (3) A trial court's posttrial
rulings are interlocutory unless incorporated into the trial court's final judgment,
which did not happen here. See Gulf States Util. Co. v. Low, 79 S.W.3d 561, 565
(Tex. 2002). Therefore, the recitals in the trial court's letter ruling do not constitute
postjudgment findings or conclusions subject to the same standards of review as those
entered under rule 296. See Cherokee Water Co. v. Gregg County Appraisal Dist.,
801 S.W.2d 872, 878 (Tex. 1990); Mondragon v. Austin, 954 S.W.2d 191, 193 (Tex.
App.--Austin 1997, writ denied); see also Roberts v. Roberts, 999 S.W.2d 424, 426
(Tex. App.--El Paso 1999, no pet.) (explaining that treating prejudgment letter or
memorandum as formal findings would jeopardize rights of parties to request and
obtain postjudgment findings and conclusions under rule 296).

 Appellant did not request postjudgment findings under rule 296, and the trial
court did not file them. Therefore, the trial court's judgment implies all findings
necessary to support it, provided the necessary findings are raised by the pleadings
and supported by the evidence, and the decision can be sustained on any reasonable
theory consistent with the evidence and the governing law. See Fair Deal Auto Sales
v. Brantley, 24 S.W.3d 543, 546 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 
Because the record on appeal contains a full reporter's record of the trial, appellant
may challenge the trial court's implied findings for legal and factual sufficiency,
under the same standards that govern challenges to a jury's findings, but must show
that the judgment of the court below cannot be sustained by any theory raised by the
evidence. See id. In an appeal from a bench trial, we may not invade the fact-finding
role of the trial court, who alone determines the credibility of the witnesses, the
weight to give their testimony, and whether to accept or reject all or any part of that
testimony. Id.

Binding Contract


 Appellant's first point of error challenges his liability to Alexander Oil on the
grounds that he never held himself out as owner of the Pik n Pak. Alexander Oil's
pleadings alleged, however, that, in addition to executing a written contract for supply
of motor fuel, appellant also personally guaranteed performance of that contract. 
Appellant's second point of error challenges his liability as guarantor. 

 The written contract at issue here consists of the October 21, 1997 Customer
Credit Application and Payment Agreement for supplying $10,000 worth of gasoline
weekly, and the additional letter appellant sent to Alexander Oil, which detailed
additional terms of the parties' working relationship, including a seven-year term to
provide a minimum of 4,200,000 gallons of fuel. See Fort Worth Indep. Sch. Dist.
v. City of Fort Worth, 22 S.W.3d 831, 840 (Tex. 2000) (applying "well-established
law" that all instruments pertaining to same transaction may be construed together as
compromising single agreement). Taken together, these documents established a
supply-contract relationship between appellant, as guarantor, and Alexander Oil, as
supplier. See id.; Cooper v. Fortney, 703 S.W.2d 217, 219 (Tex. App.--Houston
[14th Dist.] 1985, writ ref'd n.r.e.) (defining "ordinary supply contract" as measuring
a quantity to be sold by stating a specific amount). 

 Appellant contends Alexander Oil never signed, and therefore never accepted,
the additional details of the parties' relationship, as set out in the additional letter. As
Alexander Oil emphasized in the trial court in response to similar arguments,
however, it is undisputed that Alexander Oil performed in compliance with the supply
contract. Alexander complied with, and thus accepted, the supply contract and
continued to supply fuel in compliance with the contract until Ghaffir stopped
complying by not paying for delivered fuel. See United Concrete Pipe Corp. v. Spin-Line Co., 430 S.W.2d 360, 364 (Tex. 1968) (recognizing well-settled law that
performance in compliance with offer may constitute valid acceptance of contract). 
 It is likewise undisputed that appellant signed the documents constituting the
supply contract as an unconditional guarantor who would incur liability under the
contract on the default of the primary obligor, here Ghaffir. See Republic Nat'l Bank
v. Northwest Nat'l Bank, 578 S.W.2d 109, 114 (Tex. 1978) (defining guaranty as
creating obligation whereby guarantor promises to pay another's debt when that
person does not perform); see also Tex. Bus. & Com. Code Ann. § 26.01(a), (b)(2)
(Vernon 2002) (requiring that promise to answer for debt or default of another be in
writing). Because it is undisputed that Ghaffir defaulted under the supply contract,
the trial court impliedly found that appellant became primarily liable, as guarantor,
for Ghaffir's obligations under the supply contract. See Republic Nat'l Bank, 578
S.W.2d at 114. 

 Appellant's liability as guarantor is raised by the pleadings and reasonably
supported by the evidence, and appellant has not demonstrated that his liability as
guarantor cannot be sustained. See Fair Deal Auto Sales, 24 S.W.3d at 546. Rather,
appellant as much as concedes his liability as guarantor in his brief, in which he
acknowledges he is liable as guarantor, at least for gasoline Alexander Oil provided
to the Pik n Pak without payment, and for the costs of branding the convenience store
as a Coastal station. Because the record supports appellant's liability as guarantor of
Ghaffir's performance, we need not decide whether appellant was also liable as an
owner.

 We overrule appellant's first and second points of error.

 In his third and fifth points of error, appellant repeats his contention that he
never became bound by the supply contract because Alexander Oil never accepted it.
Having rejected that contention in addressing appellant's first and second points of
error, we overrule his third and fifth points of error. (4) 

Damages for Nonpayment of Fuel Delivered


 In his fourth point of error, appellant challenges the trial court's calculation of
$17,377.00 as the amount due Alexander Oil for unpaid fuel delivered to the
convenience store. (5) Appellant contends the record supports only a $13,877.00
balance. Appellant relies on the testimony of one Alexander Oil witness and one
exhibit, a ledger listing. Appellant's argument does not acknowledge testimony by
Trigg concerning an additional invoice for fuel delivered, which reflects an additional
$8,101.98 due for fuel delivered, and Trigg's testimony that appellant satisfied all but
approximately $3,500.00 of that balance by paying $4,600.00 from the accounts of
another store appellant owned. The $17,377.00 awarded by the trial court is the total
of $13,877.00 plus $3,500.00. Alexander requested damages for fuel delivered in its
pleadings and the evidence reasonably supports the $17,377.00 award. Appellant has
not shown that the trial court's calculation cannot be sustained. See Fair Deal Auto
Sales, 24 S.W.3d at 546.

 We overrule appellant's fourth point of error.

Attorney's Fees


 Appellant's sixth point of error challenges the trial court's award of $5,500.00 
as reasonable attorney's fees. Appellant concedes his liability for reasonable
attorney's fees, but contends the fees awarded are not reasonable because Alexander
Oil was attempting to enforce a mere proposal as a contract, a contention we have
rejected. Appellant also points out that Alexander Oil's counsel admitted he did not
keep "detailed time records" and offered the $5,500.00 calculation as an "estimate." 
 Having prevailed on its suit on a written contract and having requested
attorney's fees in its pleadings, Alexander Oil was entitled to recover reasonable
attorney's fees from appellant. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)
(Vernon 1997). In offering his opinion that $5,500.00 was a reasonable amount of
attorney's fees for the work done in this case, counsel for Alexander Oil specified he
relied on the factors enumerated in Arthur Anderson v. Perry Equip. Corp., as those 
a fact finder should consider in determining the reasonableness of an attorney's fee
award. See 945 S.W.2d 812, 818 (Tex. 1997) (adopting eight factors enumerated in
Tex. Disciplinary R. Prof. Conduct 1.04, reprinted in Tex. Gov't Code Ann. tit.
2, subtit. G app. (State Bar Rules, art. X, § 9) as factors fact finder "should
consider" in determining reasonableness of attorney's fee award).

 None of the eight factors mandates that time records be kept or precludes an
estimate. See id. The trial court's award is reasonably supported by the testimony
offered by Alexander Oil's counsel, and appellant has not shown that the trial court's
factual determination that $5,500.00 was reasonable cannot be sustained. See Fair
Deal Auto Sales, 24 S.W.3d at 546.

 We overrule appellant's sixth point of error.


 Conclusion


 We affirm the judgment of the trial court.







 Elsa Alcala


 Justice


Panel consists of Justices Taft, Alcala, and Price. (6)


Do not publish. Tex. R. App. P. 47.4.

1. Appellant was sued and has styled his brief as an individual doing business as
Pik n Pak, but the judgment holds him personally liable only, and not as doing
business as Pik n Pak. In addition, appellant filed his notice of appeal as an
individual.
2. Providing "branded" motor fuel of Coastal Oil Company allowed the
convenience store to accept that company's credit cards. 
3. See Tex. R. Civ. P. 296-299a; see also Butler v. Arrow Mirror & Glass, Inc.,
51 S.W.3d 787, 792 (Tex. App.--Houston [1st Dist.] 2001, no pet.) (standard
of review for conclusions of law entered pursuant to rule 296); Anderson v.
City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991); Min v. Avila, 991
S.W.2d 495, 500 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (standard of
review for findings of fact entered pursuant to rule 296). 
4. In the concluding sentence of the argument section supporting his fifth point
of error, appellant argues that Alexander Oil is not entitled to damages for lost
profits because the contract was never accepted. By limiting his challenge to
the award of lost profits to that narrow ground and not asserting a point of error
or argument that otherwise challenges that recovery, appellant has waived any
other challenge. See Jacobs v. Satterwhite, 65 S.W.3d 653, 655-56 (Tex. 2001)
(applying "'well-established'" rule that grounds not asserted as error and
supported by argument are waived); Zapalac v. Cain, 39 S.W.3d 414, 421
(Tex. App.--Houston [1st Dist.] 2001, no pet.) (holding asserted point waived
for inadequate briefing); Tex. R. App. P. 38.1(e), (h). 
5. As addressed above, appellant concedes his liability for these damages, but
challenges their calculation.
6. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.