Opinion issued January 14, 2010

 

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00781-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LENA JO BARBER, Appellant

 

V.

DOROTHEA CANGELOSI, INDEPENDENT EXECUTRIX OF THE
ESTATE OF ANNA LEE CANGELOSI, Appellee

 

 



On Appeal from County Court at Law

Waller County, Texas

Trial Court Cause No. P0577

 

 



MEMORANDUM OPINION

          Anna
Lee Cangelosi executed her final will in 2004 at age 82, naming her daughter, Dorothea
Cangelosi, as executrix and sole beneficiary of her estate.  With respect to Anna Lee’s two remaining
children, the 2004 will declares:  “For
reasons that seem fair to me I have specifically made no provision for
distribution to my son, John Charles Cangelosi, Jr., and my daughter, Lena Jo
Barber, both of whom I love very much.”  

After Anna Lee’s death in 2005,
Dorothea filed an application to probate her mother’s 2004 will or,
alternatively, her mother’s 1999 will, which, like the will that superseded it,
also left nothing to John or Lena.  Lena
brought a contest to the application, contending, among other things, that the 2004
will was invalid because (1) it lacked due formality; (2) Dorothea had
exerted undue influence over her mother; and (3) Anna Lee lacked testamentary
capacity on the date of its execution.  A
few months before the 2008 trial setting, Lena amended her opposition to the
2004 and 1999 wills to apply for probate of her mother’s 1989 and 1983 wills,
both of which named her as a beneficiary.

The trial court granted summary
judgment in favor of the estate on Lena’s lack of due formality and undue
influence claims, as well as her claims for declaratory relief, resulting
trust, constructive trust, breach of fiduciary duty, conversion, and tortious
interference with inheritance rights.  The
trial court also bifurcated the proceedings, leaving for later disposition Lena’s
applications concerning the 1989 and 1983 wills, and proceeded to jury trial on
the testamentary capacity challenge to the 2004 will.  The jury found that Anna Lee had testamentary
capacity to execute the 2004 will.  Based
on that finding, the trial court entered final judgment that Lena take nothing
on her claims and admitted the 2004 will to probate.  

          Lena
appeals, contending that the trial court erred in (1) granting summary judgment
for the estate on her lack of due formality, undue influence, and other claims,
(2) entering judgment on the jury finding that Anna Lee had testamentary
capacity to execute the 2004 will, (3) bifurcating the proceedings, and (4)
denying her proposed jury questions on good faith and just cause in support of
her attorney’s fees claim.  We affirm
that part of the judgment rendered on the jury’s verdict admitting the 2004
will to probate.  We reverse that part of
the judgment denying Lena’s request for attorney’s fees and remand for further
proceedings consistent with this opinion. 


BACKGROUND

          Anna
Lee suffered from various health problems over the years.  After the death of her husband in 1987, she moved
into an assisted living center, where she resided until 2000.  While maintaining her residence at the
center, she also spent time living with Dorothea, who helped Anna Lee with her
day-to-day needs.  

          Anna
Lee owned a large parcel of land in Fort Bend County that became the subject of
a condemnation proceeding initiated by Fort Bend Independent School
District.  In March 1999, Anna Lee
received $798,000 from the school district for the property.  Dorothea, who had a power of attorney from
Anna Lee granting her authority to make decisions regarding her assets,
deposited these funds in various bank accounts.

          In
2000, Dorothea used the funds to make a down payment on a 100-acre ranch in
Waller County.  She took title in her own
name and continued to draw on the funds to pay the mortgage and other
ranch-related expenses.  

          In
2002, Anna Lee left the assisted living center to move into the ranch with
Dorothea.  By this time, Lena had been
estranged from her mother for a number of years.  She did not visit, did not call, and, when
Anna Lee telephoned, Lena generally refused to take the call.  

          Anna
Lee executed her final will and testament on May 12, 2004.  Before that date, she discussed the contents
of the will numerous times with her attorney. 
When he asked Anna Lee if she wanted to include Lena in the will, she
said “Lena Jo never talks to me; she doesn’t come see me.  I can’t talk to her on the phone.  She has a telephone.  She can call, but she won’t talk.  She just—you know, as to Lena Jo, she just doesn’t
seem like she cares for me and it hurts.” 


          Anna
Lee’s attorney prepared the will and explained it to her paragraph by paragraph
before she executed it.  He perceived
Anna Lee as knowing the nature and extent of her property and her family,
understanding that she was making a will and the effect of making a will, and
having sufficient memory to collect in her mind the elements involved in making
a will and their relation to each other. 


Some of the medical records from Anna
Lee’s occasional hospitalizations in her later life state that she presented as
disoriented and as suffering from dementia. 
Various friends and family members, however, found Anna Lee articulate
and intelligent, and stated that she displayed no signs of dementia in 2003 and
2004.  Anna Lee’s treating physician
during the last two years of her life opined that Anna Lee did not suffer from
any sort of progressive dementia and he had not perceived any significant
decline of her mental abilities. 

Proceedings in the trial court

          Three
months after Anna Lee’s death, in September 2005, Dorothea applied to probate
her mother’s 2004 will, adding an alternative application to probate the 1999
will.  Lena filed an opposition to the
probate of that will soon after, alleging that Dorothea had exerted an undue
influence over her mother.  Lena later
added claims seeking a constructive trust and resulting trust concerning
Dorothea’s purchase of the ranch, as well as other inter vivos transfers Anna
Lee had made to Dorothea.  

          In
January 2008, only a few months before trial, Lena amended her opposition to
the probate application again, this time adding to her contest of the 2004 and
1999 wills an application to probate Anna Lee’s 1983 will, or, alternatively, her
1989 will.  

After the trial court granted Dorothea’s
motion for summary judgment on all of Lena’s claims but testamentary capacity, it
heard Dorothea’s motion to bifurcate the proceedings, in which she requested
that the court try the remaining claim in opposition to the 2004 will before
presenting the applications for the earlier wills to the jury.  The trial court granted the motion and
presented the lack of testamentary capacity claim pertaining to the 2004 will to
a jury.  The jury found that Anna Lee had
testamentary capacity on the day she executed the 2004 will.  The outcome mooted the remaining applications,
and the trial court entered judgment on the jury’s finding.  




 

DISCUSSION

I.       Summary judgment challenges

          A.      Standard
of review

Dorothea
moved for summary judgment on both traditional and no evidence grounds, and the
trial court’s order grants summary judgment without specifying any
grounds.  We review a trial court’s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005); Provident
Life Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  Under the traditional standard for summary
judgment, the movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant a judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  When
reviewing a summary judgment motion,
we take as true all evidence favorable to the nonmovant and indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.  Dorsett,
164 S.W.3d at 661; Knott, 128 S.W.3d
at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  

Traditional summary judgment is proper only if the
movant establishes that there is no genuine issue of material fact and that the
movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c). The motion must state the specific grounds relied
upon for summary judgment.  Id.  A defendant moving for traditional summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum,
Inc., 941 S.W.2d at 911.

          After
adequate time for discovery, a party may move for a no-evidence summary
judgment on the ground that no evidence exists to support one or more essential
elements of a claim or defense on which the opposing party has the burden of
proof.  Tex.
R. Civ. P. 166a(i).  The trial
court must grant the motion unless the nonmovant produces summary judgment
evidence raising a genuine issue of material fact.  Id. 
More than a scintilla of evidence exists if the evidence “would allow
reasonable and fair-minded people to differ in their conclusions.”  Forbes Inc. v. Granada Bioscis., Inc.,
124 S.W.3d 167, 172 (Tex. 2003). 

          B.      Lack
of due formality

Lena first contends that the trial
court erred in granting summary judgment on her claim that the 2004 will lacked
due formality.  Section 59 of the Texas
Probate Code sets forth the requisites of a will.  To be valid, a will must be (1) in writing,
(2) signed by the testator in person, and (3) attested by two or more credible
witnesses above the age of fourteen years who write their signatures in the testator’s
presence.  Tex. Prob. Code Ann.
§ 59(a) (Vernon 2003).  A will may
be self-proved, making the witnesses’ appearance in court unnecessary, by
including affidavits from the testator and the attesting witnesses containing
prescribed language declaring the testator’s appearance and execution of the
will.  See id.  Lena concedes that
the 2004 will contains a self-proving affidavit, which, once admitted into
evidence, makes a prima facie showing that the will was properly executed.  See
Bracewell v. Bracewell, 20 S.W.3d 14, 26 (Tex. App.—Houston [14th Dist.]
2000, no pet.).  Dorothea’s motion for
summary judgment also establishes that the 2004 will satisfies the requirements
of section 59.  

Summary judgment is improper,
according to Lena, because Dorothea’s failure to establish that the witnesses
independently determined that the testator was of sound mind precludes summary
judgment.  Texas law, however, does not
require the witnesses to make such a determination, and Lena does not identify
any evidence raising a fact issue on the legally recognized requirements.  We therefore hold that the trial court
properly granted summary judgment on the lack of due formality claim.

          C.      Undue
influence

          Lena
next contends that the trial court erred in granting summary judgment on her
claims that Anna Lee executed the 2004 and 1994 wills under the undue influence
of Dorothea.  To justify setting aside a
will because of undue influence, the party contesting its execution bears the
burden to prove the (1) existence and exertion of an influence (2) that
subverted or overpowered the testator’s mind at the time he executed the instrument
(3) so that the testator executed an instrument he would not otherwise have
executed but for that influence.  In re Estate of Henry, 250 S.W.3d 518,
523 (Tex. App.—Dallas 2008, no pet.); Long
v. Long, 196 S.W.3d 460, 467 (Tex. App.—Dallas 2006, no pet.).

          Lena
points to evidence of factors that, in some cases, have shown that an
individual had the opportunity to exert undue influence over the testator, but does
not identify any evidence raising a fact issue about whether Dorothea actually
exerted any influence over Anna Lee in connection with her execution of the
1999 or 2004 will.  “The exertion of
undue influence cannot be inferred by opportunity alone.  There must be some evidence to show that the
influence was not only present, but in fact exerted with respect to the making
of the testament itself.”  Cotten v. Cotten, 169 S.W.3d 824, 827
(Tex. App.—Dallas 2005, pet. denied). 
Because the evidence fails to raise a fact issue concerning the exertion
of undue influence in Anna Lee’s execution of either the 1999 or 2004 will, the
trial court properly granted summary judgment on these claims.

II.      Legal
and factual sufficiency of evidence supporting jury finding of testamentary
capacity

 

          A.      Standard
of review

          We
review the sufficiency of the evidence supporting challenged findings of fact
by applying the same standards that we use in reviewing the legal or factual
sufficiency of the evidence supporting jury findings.  Catalina
v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).  We review de novo a trial court’s conclusions
of law and uphold them on appeal if the judgment can be sustained on any legal
theory supported by the evidence.  BMC Software Belg. v. Marchand, 83
S.W.3d 789, 794 (Tex. 2002); In re Moers,
104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

The test for legal sufficiency is
“whether the evidence at trial would enable reasonable and fair-minded people
to reach the verdict under review.”  City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005).  In making this
determination, we credit favorable evidence if a reasonable fact-finder could,
and disregard contrary evidence unless a reasonable fact-finder could not.  Id.  If the evidence falls within the zone of
reasonable disagreement, then we may not substitute our judgment for that of
the fact-finder.  Id. at 822.  The fact-finder
is the sole judge of the credibility of the witnesses and the weight to give
their testimony.  Id. at 819.  In reviewing a
factual sufficiency challenge, we consider and weigh all of the evidence
supporting and contradicting the challenged finding and set aside the finding
only if the evidence is so weak as to make the finding clearly wrong and
manifestly unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); see Plas-Tex, Inc. v. U.S.
Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).

B.      Testamentary capacity

Testamentary capacity means
possession of sufficient mental ability at the time of execution of the will
(1) to understand the business in which the testator is engaged, the effect of
making the will, and the general nature and extent of his property, (2) to know
the testator’s next of kin and the natural objects of his bounty, and (3) to
have sufficient memory to assimilate the elements of the business to be
transacted, to hold those elements long enough to perceive their obvious
relation to each other, and to form a reasonable judgment as to them.  Prather
v. McClelland, 13 S.W. 543, 546 (Tex. 1890); Guthrie v. Suiter, 934 S.W.2d 820, 829 (Tex. App.—Houston [1st
Dist.] 1996, no writ).  The jury heard
evidence about Anna Lee’s health problems and conflicting testimony on her
mental capacity during the last few decades of her life.  The jury was entitled to assess the
witnesses’ credibility and the weight to be given to their testimony.  The evidence presented at trial “would enable
reasonable and fair-minded people to reach the verdict under review.”  City of
Keller, 168 S.W.3d at 827.  We thus
hold that the evidence is legally sufficient to support the jury’s finding of
testamentary capacity.

The bulk of the evidence, including
testimony from Anna Lee’s attorney, treating physician, relatives, and friends,
supports the jury’s finding that Anna Lee had testamentary capacity on the date
she executed the 2004 will.  Lena does
not point to any specific evidence undermining the jury’s finding.  Instead, she objects to the testimony
supporting the finding on various evidentiary grounds.  Those objections, however, were not made in
the trial court and thus were not preserved for review.  See Tex. R. App. P. 33.1.  After considering and weighing all of the
evidence supporting and contradicting the jury’s finding, we hold that the
evidence is also factually sufficient to support the jury’s finding of
testamentary capacity.

III.    Bifurcation of proceedings

          Lena
next challenges the trial court’s decision to bifurcate the proceedings,
allowing the issue of Anna Lee’s testamentary capacity in executing the 1999
and 2004 wills to be tried first and leaving the claims concerning the 1983 and
1989 wills for later, if their adjudication proved necessary.  Texas Rule of Civil Procedure 174(b) confers
broad discretion on trial courts in decisions to sever or bifurcate proceedings.
 Ramsay
v. Tex. Trading Co., 254 S.W.3d 620, 623 (Tex. App.—Texarkana 2008, pet. denied);
see Tex.
R. Civ. P. 174(b).  In reviewing the
trial court’s bifurcation decision, therefore, we do not disturb it even if we
would have decided the issue differently unless it is shown to be arbitrary and
unreasonable.  See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  

          Lena
contends that the trial court abused its discretion in bifurcating the trial
because section 83(a) of the Probate Code requires the trial court to hear
multiple applications together.  See Tex.
Prob. Code Ann. § 83(a) (Vernon 2003).  Section 83(a) sets forth the procedure
pertaining to a second application for probate, stating that if a second
application is filed before the first application is heard, the trial court
“shall hear both applications together and determine what instrument, if any, should
be admitted to probate .”  Id. 
We do not read this provision as precluding the use of bifurcation
where, as here, resolution of a discrete issue in the first part of the
proceeding may obviate the need for extensive evidence and possible confusion
concerning multiple applications.  See Ramsay, 254 S.W.3d at 624 (trial
court’s bifurcation of proceeding to hear whether contract’s forum selection clause
bound investor was reasonable procedure suggested by logical structure of case,
allowing trial court to avoid full-blown trial on issues not subject to trial in
Texas if clause was enforceable).  The
trial court’s bifurcation kept the competing applications in the same
proceeding and, at the same time, avoided presentation of potentially confusing
or unnecessary issues.

          Lena
complains that the bifurcation prevented her from presenting evidence of
intertwined issues among the wills, including evidence of Anna Lee’s love and
affection toward all of her children.  Love
and affection for possible heirs, however, is not a consideration in
determining testamentary capacity, the only issue before the jury in connection
with the 2004 will.[1]  The trial court did not abuse its discretion
by bifurcating the proceeding.  

IV.    Refusal to submit attorney’s fees question

Lena complains of the trial court’s refusal
to submit the following question to the jury:

Do you find
 . . . that LENA JO BARBER defended the [ 2004] will,  . . .the
[1999] will . . ., or prosecuted the [1983] will  . . .or the
[1989] will  . . ., admitted to probate, whether successful or
not, in good faith and with just cause[?]

We review a trial court’s decision to
submit or refuse a particular question under the abuse of discretion standard.[2]  Tex.
Dep’t of Hum. Servs. v. E.B., 802
S.W.2d 647, 649 (Tex. 1990); ASEP USA,
Inc. v. Cole, 199 S.W.3d 369, 376 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  

          A.      Waiver

          Before
considering this charge issue on the merits, we first address Dorothea’s
contention that Lena waived her attorney’s fees claim.  Texas follows a “fair notice” standard for
pleading, which looks to whether the opposing party can ascertain from the
pleading the nature and basic issues of the controversy and the testimony that
will be relevant. Horizon/CMS Healthcare
Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000).  

Texas Rule of Civil Procedure 47 provides
that a pleading “shall contain . . . a short statement of the
cause of action sufficient to give fair notice of the claim involved . . . .”
 Tex.
R. Civ. P. 47.  “The purpose of
this rule is to give the opposing party information sufficient to enable him to
prepare a defense.”  Roark v. Allen, 633 S.W.2d 804, 810 (Tex. 1982).  The test of fair notice is whether an opposing
attorney of reasonable competence, on review of the pleadings, can ascertain
the nature and the basic issues of the controversy and the testimony probably
relevant.  Bowen v. Robinson, 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.]
2006, pet. denied).  If, as here, the opposing party does
not specially except to the challenged pleading in the trial court, we
“construe the pleadings liberally in favor of the pleader.”  Horizon/CMS
Healthcare Corp., 34 S.W.3d at 897; see
Tex. R. Civ. P. 1 . 

The relevant portion of Lena’s live
pleading reads:

VII.   ATTORNEY’S
FEES

27.     Contestant/Applicant is entitled to collect
her reasonable and necessary attorneys’ fees and costs from Applicant/Defendant
or from Decedent’s estate, in that the filing and prosecuting of this action by
Contestant/Petitioner is of benefit to the estate.  Further, pursuant to Texas Civil Practice and
Remedies Code § 37.009, Contestant/Applicant is further entitled to her
costs and reasonable and necessary attorney’s fees as are equitable and just. 

Lena’s proposed jury question tracks
the language in section 243 of the Probate Code providing for payment out of
the estate of attorney’s fees to a designated person who “defends [a will] or
prosecutes any proceeding in good faith, and with just cause, for the purpose
of having the will or alleged will admitted to probate, whether successful or
not.”  Tex.
Prob. Code Ann. § 243 (Vernon 2003).  According to Dorothea, Lena waived any claim
to attorney’s fees under this section by (1) pleading for attorney’s fees
under section 37.009 of the Civil Practice and Remedies Code, which limits her ability
to recover fees to that provision alone, and (2) failing to specifically plead
the good faith and just cause standard required by the statute or to expressly invoke
section 243 as the basis for her attorney’s fees request.  

          The
plain language of Lena’s pleadings, which states that section 37.009 of the
Civil Practice and Remedies Code is not the sole but, rather, a “further”
ground for her attorney’s fees claim, demonstrates that Dorothea’s first
contention lacks merit.  Dorothea relies
on Fletcher v. Harris, No.
14-05-00998-CV, 2007 WL 1152651 (Tex. App.—Houston [14th Dist.] Apr. 19, 2007,
no pet.) (not designated for publication), and Kirby v. Brown, 383 S.W.2d 184 (Tex. Civ. App.—El Paso 1964, writ
dism’d), to support her second contention that Lena was required either to
specifically plead her entitlement based on “good faith and just cause” or to
invoke section 243 by name, but we do not construe either Rule 47 or those cases
as imposing such a stringent standard for pleading.  Neither Fletcher
nor Kirby addressed the issue of
section 243 fees as purely a sufficiency-of-pleading issue; rather, each court
pointed out that the party seeking fees was not entitled to them under section
243 because he had neither pleaded nor proved good faith.  See
Fletcher, 2007 WL 1152651, at *4; Kirby, 383 S.W.2d at 192.  These cases do not address the degree of
specificity required to put an opposing party on fair notice of the fee claim
under section 243.  

To determine whether Lena’s pleadings
meet the fair notice standard, we ultimately must examine whether her claim for
fees for pursuing an action “of benefit to the estate”—a term not found in
section 243—sufficiently invokes the provision to put an opposing attorney of
reasonable competence on notice of that theory of fee recovery.  Ample Texas authority indicates that it
does.  Before adoption of the Probate
Code, Texas did not have a statute “expressly providing for the allowance of attorney’s
fees and other expenses incurred by an executor in probating or defending the
will.”  Salmon v. Salmon, 295 S.W.2d 29, 31 (Tex. 1965).  In Salmon,
the Texas Supreme Court explained that Texas common law provided for fee
recovery in those circumstances, and that section 243, enacted in 1955, is “simply
a legislative declaration of the law as previously announced by [Texas]
courts.”  Id.; see Tex. Prob. Code Ann. § 243.

The Supreme Court went on to describe
the circumstances under which an executor could recover fees:

Under the
provisions of Section 243 and the decisions dealing with the same problem, a
person named as executor in a will is deemed to be acting for the benefit of the estate when he, in good faith and with
probable cause, employs attorneys to defend the will or prosecute an action to
probate same. 

Salmon, 295
S.W.2d at 31 (emphasis added).  The term
“for the benefit of the estate” appears in tandem with section 243 requests for
attorney’s fees in other cases as well.  See, e.g., Miller v. Anderson, 651 S.W.2d 726, 727–28 (Tex. 1983) (holding
that executor was entitled to section 243 fees without independent findings of
good faith and just cause because benefit to estate was established when will
was admitted to probate; findings necessary only when will proponent is
unsuccessful); Weatherly v. Martin, 754
S.W.2d 790, 794–95 (Tex. App.—Amarillo 1988, writ denied) (observing that threshold
consideration for award of attorney’s fees under section 243 is determined by
reasonable value of services rendered and necessarily incurred for benefit of
estate).  Construing Lena’s pleadings
liberally, we hold that her request for attorney’s fees “for filing and
prosecuting” an action that is “of benefit to the estate” suffices to put an
opposing attorney of reasonable competence on notice that she sought attorney’s
fees under section 243 of the Probate Code.

          B.      Denial
of jury question

We turn to consider whether the trial
court erred in denying Lena’s jury question on good faith and just cause to
support her section 243 request for attorney’s fees.  Section 243 identifies two groups of persons
who may recoup from an estate attorney’s fees and costs incurred in the defense
or prosecution of a will.  The first
group consists of “any person designated as executor in a will or an alleged
will, or as administrator with the will or alleged will annexed.”  Tex.
Prob. Code Ann. § 243.  Section
243 provides that, on the required showing, persons in this group “shall be
allowed out of the estate [their] necessary expenses and disbursements,
including reasonable attorney’s fees.”  Id. 


          The
second group consists of “any person designated as a devisee, legatee, or
beneficiary in a will or an alleged will, or as administrator with the will or
alleged will annexed.”  Id. 
Persons in this group, section 243 provides, “may be allowed out of the
estate” their reasonable attorney’s fees on a showing of good faith and just
cause.  Tex.
Prob. Code Ann. § 243.  In
contrast to the use of “shall” for the first group, the use of “may” for this
second group signals that the trial court retains the discretion to deny an
attorney’s fees request from a person in that group notwithstanding a showing
of good faith and just cause.  See In re Estate of Washington, 289
S.W.3d 362, 367–68
(Tex. App.—Texarkana 2009, pet. denied) (observing that devisee, legatee, or
beneficiary may have interest in prosecuting or defending will, but, unlike
executor, does not have legal duty to take action).

          Whether
the trial court erred in denying Lena’s proposed jury question, therefore,
depends on whether Lena qualifies for fees as a member of the first group or
the second group described in section 243. 
Lena’s live pleading explains that she brought the counter-application
to probate the 1983 will or, alternatively, the 1989 will as “a daughter of the
Deceased” and a person with “a pecuniary interest that will be affected by the
probate or defeat of the will,” and, therefore, “as an ‘interested person’ as
defined under Section 10 of the Texas Probate Code.”[3]  Both the 1983 and 1989 wills name Lena as a beneficiary,
and the 1989 will also designates her as co-executor.  

Because Lena’s ultimate strategy
seeks admission of the 1989 will, for which she is named a co-executor, she was
entitled to have her good faith and just cause question submitted to the jury.  See
Zapalac v. Cain, 39 S.W.3d 414, 419 (Tex. App.—Houston [1st Dist.] 2001,
pet. denied) (affirming award of attorney’s fees under section 243 based on showing
that litigation efforts involved in contest of 1996 will were part of ultimate
trial strategy of admitting 1993 will to probate instead of 1996 will); see also Russell v. Moeling, 526 S.W.2d
533, 535–36 (Tex. 1975) (explaining that claim for attorney’s fees under
section 243 must be brought in same proceeding with will application and cannot
be asserted in subsequent suit).  We hold
that the trial court erred in refusing to submit Lena’s question on good faith
and just cause to support her claim for attorney’s fees.

V.      Summary judgment on remaining claims against estate

Because legally and factually
sufficient evidence supports the jury finding that Anna Lee had testamentary
capacity to execute the 2004 will, Lena, who is neither an executor nor a
beneficiary of the 2004 will, lacks standing to bring claims on behalf of the
estate.  See Tex. Prob. Code Ann.
§ 3(r) (Vernon Supp. 2009) (defining 
“interested persons” or “persons interested” as “heirs, devisees,
spouses, creditors, or any others having a property right in, or claim against,
the estate being administered”).  Her
lack of standing independently requires dismissal of her claims for breach of
fiduciary duty, constructive trust, and resulting trust.  We therefore need not review her challenges
to the trial court’s summary judgment on those claims.  See
Progressive County Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 921 (Tex. 2005) (“[A]
trial court’s erroneous decision to grant summary judgment can be rendered
harmless by subsequent events in the trial court.”). 

CONCLUSION

 

          The
trial court properly granted summary judgment on the lack of due formality and
undue influence claims.  Because legally
and factually sufficient evidence supports the jury’s verdict, the trial court also
properly entered judgment on that verdict. 
Further, the trial court did not abuse its discretion in bifurcating the
proceeding.  The trial court erred,
however, in refusing to submit to the jury Lena’s proposed question on good
faith and just cause.  We therefore reverse
the judgment to the extent it denies Lena’s request for attorney’s fees and
remand the case for trial on the issues of good faith and just cause for
advancing the 1983 and 1989 wills. We affirm the remainder of the trial court’s
judgment.

 

 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.











[1]  Also, in her
2004 will, Anna Lee recited that she loved her children very much.

 





[2]  Dorothea
contends that Lena waived this issue by failing to obtain a ruling.  The test for preservation is whether the
party made the trial court aware of the complaint, timely and plainly, and
obtained a ruling.  State Dep’t of Hwys. & Public Transp. v. Payne, 838 S.W.2d 235,
241 (Tex. 1992); see Zapalac v. Cain, 39 S.W.3d 414, 417
(Tex. App.—Houston [1st Dist.] 2001, no pet.). 
The clerk’s record contains the proposed submission and the reporter’s
record documents the court’s ruling on it. 
Thus, the issue is preserved for our review.





[3]  “Under Texas
law, a party who seeks only to
contest a will may not obtain statutory reimbursement for attorney's fees under
Section 243.”  Zapalac, 39 S.W.3d at 419 (emphasis in original).