**330**

**G. R. SPARKS, d/b/a Sparks Motor Company, Appellant,**

**v.**

**Montague J. ODOM, Appellee.**

**No. 4319.**

Court of Civil Appeals of Texas.
Waco.

March 25, 1965.

Supplemental Opinion April 1, 1965.
Rehearing Denied April 15, 1965.

Gripp, Will & Collins, Eugene M. McElyea, Houston, for appellant.

Cattanach, Capps, Turner, Coe & Reardon, Houston, for appellee.

WILSON, Justice.

Plaintiff Odom sued defendant Sparks alleging the latter sold him an automobile, agreeing that he could make payments "on a bi-weekly", rather than a weekly basis; and that Sparks converted the car by repossessing it, with plaintiff's clothes and tools, from a parking lot. The only answer of defendant was a general denial. Judgment for actual and exemplary damages was rendered for plaintiff on a jury verdict.

Appellee Odom's only points are that there is no evidence, or insufficient evidence to support findings on the seven issues submitted. The findings, other than as to damages, were to the effect that "defendant's agent or representative" had authority to modify the written contract as to payments to be made, and did "grant plaintiff the right" to make bi-weekly rather than weekly payments; and that defendant acted with malice in repossessing the car.

Odom's sales contract and chattel mortgage note to Sparks called for payments to be made Saturday of each week. Three such payments were made on successive Saturdays for which Sparks' office employee signed receipts. Subsequent receipts signed by the same employee were dated 10, 5, 9, 7, 9 and 5 days apart. Plaintiff and defendant were the only witnesses appearing. Odom testified that when he made the last

of these payments he went to defendant's office and Sparks could not be located; "I asked his secretary, the woman who gives me the receipts, if it would be all right if I made two payments" per month, doubling up on the payments, "and she said it would be okay." This testimony was not rebutted. The car was repossessed by Sparks before the bi-weekly period expired. He testified he relied on the terms of the note, sale contract and chattel mortgage. These provided no change should be made in their terms unless in writing. Sparks testified he "positively required" contract changes to be in writing. Appellant's counsel concedes oral modifications were authorized. Sparks testified one of his employees—a man—had no authority to make "verbal agreements to extend" note payments. He did not testify as to authority of the woman office employee. The latter was not called as a witness.

The evidence is adequate, in our opinion, to sustain the findings as to the extent of the agent's authority and authorization of bi-weekly payments. Buzard v. Jolly, Tex.Sup., 6 S.W. 422, 424; Bradstreet v. Gill, 72 Tex. 115, 9 S.W. 753, 2 L.R.A. 405; Hearn v. Hanlon-Buchanan, Tex.Civ.App., 179 S.W.2d 364, 367; 2 Tex. Jur.2d Sec. 31, p. 467.

Although appellant's points relating to findings on damages concern the quantum of evidence, the arguments actually are directed to the form of the issues and the measure of damage submitted, as to which no objections are preserved. These points are overruled.

We sustain appellant's point that there is no evidence to support the finding defendant acted with malice in repossessing the car.

If appellee files remittitur within 5 days from the date of this opinion in the sum of $200 and interest thereon, the judgment will be modified to subtract that amount, allowed as exemplary damages, and affirmed; otherwise the judgment is reversed and the cause remanded. One-fourth of the costs are taxed against appellee.

Affirmed on condition of remittitur.

### Supplemental Opinion

Appellee having filed remittitur, the judgment is reformed to reduce the recovery by $200 and interest thereon; and as reformed is affirmed.