**Jay U. KIRKMAN, Individually and as Executor, Appellant,**

v.

**NORTH STATE BANK OF AMARILLO, Appellee.**

**No. 8191.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 7, 1972.

Rehearing Denied March 6, 1972.

Jay U. Kirkman, Amarillo, for appellant.

Sanders, Miller & Baker, Ronald D. Nickum, Amarillo, for appellee.

JOY, Justice.

This is a suit upon the promissory note by plaintiff, North State Bank, with a writ of sequestration issuing on certain personal property of defendant, Jay U. Kirkman. Upon defendant's filing of a motion to quash the writ, the plaintiff took a non-suit, On the day prior to the non-suit, plaintiff had filed another action in a different court on the identical note with another writ of sequestration issuing on the personal property. Defendant has here appealed on the non-suit cause.

Affirmed.

The parties are referred to here as they appear in this Court. Appellant's first seven points of error complain of the action of the trial court in permitting the plaintiff to take a non-suit and refusing to hear appellant upon the matter of damages for wrongfully sequestering appellant's property. Appellant further contends that his plea of reconvention necessitated a hearing by the court. Appellant, as disclosed by examination of his answer and motion to quash the writ of sequestration, did not ask for affirmative relief nor cross-file for relief against any third party. Appellant cites as authority Blum v. Gaines, 57 Tex. 135 (1882) for the proposition that the non-suit by appellee requires a restoration of the property with loss of rents and revenues. Also, he cites Hill v. Patterson, 191 S.W. 621 (Tex.Civ.App.— Austin 1916, n. w. h.) for the rule that the law files a cause of action for damages in behalf of defendant without the necessity of a cross bill or plea in reconvention by defendant. We do not disagree with those cases under their facts. However, a mortgagee that has by contract reserved a right to take possession of property securing an indebtedness is not liable in damages for issuance of a writ of sequestration even if it be alleged the writ was wrongfully procured since the mortgagee is doing no more than he had a right to do under the contract. See Petersime Incubator Co. v. Bunn, 239 S.W.2d 416 (Tex.Civ.App.— Beaumont 1951, writ dism'd). From the record in this case we find that only a part of the security agreement has been brought forward and no provision for possession is reflected in that portion before us. In the absence of a provision to the contrary, a secured party is granted the right to take possession of the property securing an indebtedness upon default by the mortgagor. V.T.C.A., Bus. & C., § 9.503; see also, Anderson on the Commercial Code (2d ed.), § 9.503:4 at pp. 593–594, and 15 Am.Jur.2d, Commercial Code, §§ 82 and 84. The validity of the second suit and writ of sequestration issued therein, filed and issued by appellee, is not before us in this cause. Appellant has the right to file a separate action for damages, in the event he has been damaged, or he may enforce his claim thereon in the second suit. Therefore, we cannot find from this record that appellant has been deprived of any substantive rights or his day in court. Obviously, from the record in this cause the pleadings and affidavit were defective in form only. We have reviewed the other points raised by appellant and find them without merit in view of our holding herein.

The judgment of the trial court is affirmed.