COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






CITY OF EL PASO, TEXAS,

                            Appellant,

V.

PATRICIA BUSTILLOS and
MARCELINA CAMPOS,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-08-00244-CV

Appeal from the

34th District Court

of El Paso County, Texas 

(TC# 2007-4560) 





O P I N I O N

            This is an appeal from the denial of a plea to the jurisdiction by the City of El Paso (“the
City”) in a suit for declaratory relief, alleging violations of the Plaintiffs’ due process and equal
protection rights. On appeal, the City raises one issue arguing the trial court erred in denying the
plea to the jurisdiction of Appellees’ declaratory judgment actions since it seeks monetary relief
against a governmental entity that has immunity under the Texas Torts Claim Act. We affirm.
            Patricia Bustillos and Marcelina Campos were residents of the Mowad subdivision in
El Paso, TX. On August 1, 2006, they had to evacuate their residences due to severe flooding. 
They stayed at the Canutillo Elementary School, where temporary living quarters were provided. 
On September 1, 2006, a notice of temporary non-habitability and a danger sign were placed
outside each of the homes in the Mowad subdivision. On September 14, 2006, the City of
El Paso held a community meeting at which it announced plans to buyout the neighborhood. As
part of the buyout, the City granted relocation assistance to displaced tenants if they were able to
prove a tenant/landlord relationship in Mowad and an increase in rent from what they had been
paying at Mowad. The relocations assistance was a lump sum payment of $5,250. Bustillos and
Campos had oral leases and both had an increase in rent after leaving Mowad. Bustillos and
Campos were not aware of their eligibility for relocation assistance until a former neighbor from
the Mowad subdivision informed them about it in April of 2007.
            On April 24, 2007, Plaintiffs made a request for tenant relocation assistance and
submitted supporting documents to the City’s consultant, Jeff Ward, and the realtor assisting the
City, Cindy Evans. On May 3, 2007, they were advised that the requests should be made to Larry
Nichols, or the City Attorney’s office. On May 8, 2007, Plaintiffs submitted their request to the
city attorney’s office through counsel, and on May 15, 2007, counsel was informed that no
assistance would be granted due to inadequate proof, the owners of the rental homes had claimed
the property as their homestead, and it was too late to make a claim from the flood. Counsel was
told that a written decision would be issued, but Plaintiffs allege no such decision was received. 
Plaintiffs state that numerous attempts to receive a written response from the City or to determine
the City’s reason for refusal to resolve the pending applications have been unsuccessful.
            Plaintiffs filed suit alleging due process and equal protections violations. In Plaintiffs’
original petition, the following relief was requested:
1.A declaration that the City of El Paso is in violation of Plaintiffs’ rights to
due process by failing to comply with its own policies and the Uniform
Relocation Assistance Act in administering its tenant relocation assistance.
 
2.A declaration that the City of El Paso is in violation of Plaintiffs’ rights to
equal protection of the law by treating Plaintiffs differently from other
Mowad displaced tenants in denying them tenant relocation assistance.
 
3.A declaration that the City of El Paso should implement procedures in
conformity with constitutional due process requirements and to make its
tenant relocation assistance program equally accessible to all those
displaced by the City’s acquisition actions.
 
4.Payment to each Plaintiff in the amount of $5,250.00 and for any other
expenses resulting from the Defendants’ unlawful conduct.
 
5.Costs of suit.
 
6.Reasonable attorneys fees requested only by Plaintiff Marcelina Campos.
 
7.Pre-judgment and post-judgment interest as provided by law.

The City filed a plea to the jurisdiction and original answer in response. The City argued that
there was no subject-matter jurisdiction since Plaintiffs were seeking money damages, and did
not have legislative consent to bring suit.
            In Plaintiffs’ first amended petition, the following relief was requested:
1.A declaration that the City of El Paso is in violation of Plaintiffs’ right to
due process by refusing or delaying Plaintiffs’ application for relocation
assistance, thereby failing to comply with its own policies and the Uniform
Relocation Assistance Act for the administration of tenant relocation
assistance for those displaced by the City’s acquisition actions.
 
2.A declaration that the City of El Paso should implement procedures in
conformity with constitutional due process requirements for all those
displaced by the City’s acquisition actions.
 
3.A declaration that the City of El Paso is in violation of Plaintiffs’ right to
equal protection of the law by refusing or delaying Plaintiffs’ application
for relocation assistance, thereby treating Plaintiffs differently from other
Mowad displace tenants.
 
4.A declaration that the City of El Paso should make its tenant relocation
assistance program’s application process equally accessible to all those
displaced by the City’s acquisition actions. 
 
5.A declaration that in order for the City of El Paso to administer relocation
assistance funds in a fair, consistent and constitutionally correct manner,
the City should adopt and implement the procedures outlined in the federal
Uniform Relocation Act (URA), including but not limited to: notice,
written application procedures, standards for making determinations,
issuing written decisions in an expeditious manner, and procedures for
appealing determinations, consistent with the City’s policies.
 
6.A declaration that in conformity with the City’s policy in administering
relocation assistance to other Mowad tenants and with the federal Uniform
Relocation Act’s statutory mandate for expeditious review of claims, the
City should give Plaintiffs a written decision on their applications and
written notice of their rights to appeal, within 7 days from the date of this
court’s order.
 
7.Costs of suit.
 
8.Reasonable and necessary attorneys fees, requested only by Plaintiff
Marcelina Campos
 
9.Pre-judgment and post-judgment interest as provided by law.
 
10.Such other relief to which Plaintiffs may be justly and legally entitled,
including but not limited to damages within the jurisdictional limits of this
court.

The City filed a plea to the jurisdiction and answer in response to the first amended petition. The
City argued that the true remedy will seek cash payments to Plaintiffs as tenant relocation
assistance in addition to costs of suit, attorney’s fees, and pre-judgment and post-judgment
interest. The City alleges the suit for declaratory relief is a “thinly-disguised attempt to conceal
the real remedy sought: funds for Plaintiffs’ relocation assistance.” The City also argued that the
declaration would be a mere advisory opinion, and the declaratory relief requested would not
settle the dispute between the parties.
            On June 12, 2008, a hearing was held on the plea to the jurisdiction. After the hearing,
Plaintiffs filed their second amended petition. In the second amended petition, Plaintiffs
requested the following relief:
1.A declaration that the City of El Paso is in violation of Plaintiffs’ right to
due process by refusing or delaying Plaintiffs’ application for relocation
assistance, thereby failing to comply with its own policies and the Uniform
Relocation Assistance Act for the administration of tenant relocation
assistance for those displaced by the City’s acquisition actions.
 
2. A declaration that the City of El Paso should implement procedures in
conformity with constitutional due process requirements for all those
displaced by the City’s acquisition actions.
 
3.A declaration that the City of El Paso is in violation of Plaintiffs’ right to
equal protection of the law by refusing or delaying Plaintiffs’ application
for relocation assistance, thereby treating Plaintiffs differently from other
Mowad displaced tenants.
 
4.A declaration that the City of El Paso should make its tenant relocation
assistance program’s application process equally accessible to all those
displaced by the City’s acquisition actions.
 
5.A declaration that in order for the City of El Paso to administer relocation
assistance funds in a fair, consistent and constitutionally correct manner,
the City should adopt and implement the procedures outlined in the federal
Uniform Relocation Act (URA), including, but not limited to: notice,
written application procedures, standards for making determinations,
issuing written decisions in an expeditious manner, and procedures for
appealing determinations, consistent with the City’s policies.
 
6.A declaration that in conformity with the City’s policy in administering
relocation assistance to other Mowad tenants and with the federal Uniform
Relocation Act’s statutory mandate for expeditious review of claims, the
City should give Plaintiffs a written decision on their applications and
written notice of their rights to appeal, within 7 days from the date of this
court’s order.
 
7.Costs of suit.
 
8.Reasonable and necessary attorneys fees, requested only by Plaintiff
Marcelina Campos.
 
9.Such other equitable relief to which Plaintiffs may be justly and legally
entitled.

The trial court denied the City’s plea to the jurisdiction. 
            A plea to the jurisdiction contests a trial court’s subject matter jurisdiction. City of
El Paso v. Maddox, 276 S.W.3d 66, 70 (Tex.App.--El Paso 2008, pet. denied), citing Bland
Indep. Sch. Dist. v. Blue, 24 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law that is reviewed de novo. Texas Dep’t of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff has the burden to allege facts
affirmatively demonstrating that the trial court has subject matter jurisdiction. Texas Ass’n of
Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We consider the allegations in
the petition and accept them as true. City of Saginaw v. Carter, 996 S.W.2d 1, 2-3 (Tex.App.--Fort Worth 1999, pet. dism’d w.o.j.). The plaintiff’s jurisdictional pleadings are to be construed
liberally in the plaintiff’s favor, and we look to the pleader’s intent. See Texas Ass’n of Bus., 852
S.W.2d at 446. If a plaintiff pleads facts that affirmatively demonstrate absence of jurisdiction
and the defect is incurable, then the case is properly dismissed. Ackers v. City of Lubbock, 253
S.W.3d 770, 774 (Tex.App.--Amarillo 2007, pet. denied). If the plaintiff’s pleadings do not
demonstrate the trial court’s jurisdiction, but are not affirmatively incurable, the proper remedy is
to allow the plaintiff an opportunity to amend the pleadings before dismissal. County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). A court deciding a plea to the jurisdiction
is not required to look solely to the pleadings, but may consider evidence and must do so when
necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist., 34 S.W.3d at 555.
            Sovereign immunity, encompassing both immunity from suit and immunity from liability,
protects the state and its political subdivisions, including cities, from lawsuits for money
damages. Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006). Sovereign
immunity bars a suit against the state or its political subdivisions unless immunity has been
waived or the legislature has expressly consented to the suit, which it may do by statute or
resolution. Id. Immunity for political subdivisions of the state is referred to as governmental
immunity. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003).
            A party generally can maintain a suit to determine its rights without legislative permission
because such suits are not considered “suits against the State” for purposes of sovereign
immunity. See Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002). However, a suit against a sovereign for monetary damages is not transformed into a
viable suit by the request for a declaratory judgment, and if the sole purpose of a declaration
concerning contractual or statutory rights is to obtain a money judgment, immunity is not waived. 
City of Houston v. Williams, 216 S.W.3d 827, 829 (Tex. 2007). Sovereign immunity from suit
cannot be circumvented by characterizing a suit for money damages as a declaratory judgment
claim. Id. A plaintiff whose constitutional rights have been violated may sue the state for
equitable relief. City of Beaumont v. Bouillion, 896 S.W.2d 143, 144 &149 (Tex. 1995).
            The City argues that Appellees’ pleading for declaratory relief is a disguised attempt to
seek monetary damages. Appellees argue that the action is to ensure that the City’s relocation
benefit program is administered consistent with the constitutional rights of any applicant who
applies. We look at the live pleading before the court at the time of the plea to the jurisdiction. 
See Nueces County v. Ferguson, 97 S.W.3d 205, 219 (Tex.App.--Corpus Christi 2002, no pet.).
In this case, it is Plaintiffs’ Second Amended Petition for Declaratory Relief. While the pleading
was filed after the hearing on the plea to the jurisdiction, the order denying the plea states it was
denied after a review of Plaintiffs’ and Defendant’s pleadings, documents filed, and all other
arguments on the pleadings. The second amended petition was filed six days before the order
denying the plea was filed. Once an amended pleading is filed, the previous pleading is no
longer part of the proceedings, and as a result, we will look at the second amended petition in our
review. Tex.R.Civ.P. 65.
            In the petition, Appellees alleged that the City violated their due process and equal
protection rights when the City failed to issue a written decision on Plaintiffs’ application for
relocation assistance and failed to provide Plaintiffs access to the application process as tenants
displaced by a disaster as it provided to other Mowad residents under the Uniform Relocation
Assistance Act. The City claimed it provided assistance to displaced tenants if they were able to
prove a tenant/landlord relationship in Mowad and an increase in their new rent amounts over
what was paid at Mowad. Plaintiffs believe all residents who applied for the assistance received
it except for Plaintiffs themselves. Plaintiffs were informed by a city attorney that their
applications were denied, and a written decision would be forthcoming. A written decision was
never received. The petition states that by denying access to the relocation assistance without
due process, the City violated its own policies, the Uniform Relocation Assistance and Real
Property Acquisition Policies Act (URA), and constitutional guarantees under the Texas
Constitution Article I, § 3 and § 19. The petition states the City used the URA as a guideline for
providing assistance. Plaintiffs alleged the City ignored the URA due process requirements by
failing to inform them of the relocation payments for which they may be eligible, the criteria for
eligibility, and the procedures of obtaining payments in the City’s written notices to the Mowad
residents. Plaintiffs also allege that the City’s failure to provide a written decision, a notice of
their right to an appeal, and an opportunity to present an appeal amounts to violations of
Plaintiffs’ constitutional rights to due process.
            Appellees, Plaintiffs below, next allege in their petition that the City violated their rights
to equal protection under the law by providing access to the tenant relocation assistance in a
discriminatory manner. Plaintiffs allege there is no rational basis for treating them differently
from other similarly situated. Appellees allege that they provided ample proof of their eligibility
under the program, but had to submit additional proof not required of other residents.
            In the petition, Plaintiffs requested the following declarations:
A.The manner in which the City of El Paso administers relocation assistance
to applicants is unfair, arbitrary, and inconsistent because it has no written
application procedures, no standards for making determinations and no
procedures for appealing determinations;
 
B.The City’s refusal or delay in processing the Plaintiffs’ application for
relocation assistance constitutes a violation of Plaintiffs’ rights to due
process;
 
C.The City’s refusal or delay in processing the Plaintiffs’ application for
relocation assistance constitutes a violation of Plaintiffs’ right to equal
protection; and 
 
D.In order for the City of El Paso to administer relocation funds in a fair,
consistent and constitutionally correct manner, the City should adopt and
implement the procedures outlined in the federal Uniform Relocation Act
(URA), consistent with the City’s policies.

We do not agree with the City’s argument that this suit is a disguised claim for monetary relief. 
While the original petition and first amended petition may have requested money damages,
Plaintiffs’ second amended petition removed the requests for monetary relief. Appellees seek
only a declaration that their rights were violated, and an opportunity to have their applications
reviewed in the same manner as the others. While review of the application may result in a
monetary payment of relocation assistance, suits requiring compliance with statutory or
constitutional provisions are not prohibited by immunity even if the compliance involves the
payment of money. City of El Paso v. Heinrich, 284 S.W.3d 366, 371 (Tex. 2009). Plaintiffs
properly pled a violation of their constitutional rights, and as such the suit is not barred by
governmental immunity. Steele v. City of Houston, 603 S.W.2d 786, 791 (Tex. 1980); City of
Beaumont, 896 S.W.2d at 149.
            The City also argues that relief is not proper under the Declaratory Judgment Act. The
City argues there is no standing because Appellees are not suing to determine their rights under a
deed, will, contract, or other writing constituting a contract or suing pursuant to a statute,
municipal ordinance, contract, or franchise. However, the Declaratory Judgment Act may be
used to clarify constitutional imperatives. Democracy Coalition v. City of Austin, 141 S.W.3d
282, 296 (Tex.App.--Austin 2004, no pet.). A declaratory judgment will declare the rights,
duties, or status of the parties only in an otherwise justiciable controversy. Id. at 297. The
justiciable controversy presented is whether the City violated Appellees rights under the state
constitution. Id. Issue One is overruled.
            Having overruled the City’s sole issue, we affirm the order of the trial court.


May 19, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.