Opinion issued December 16, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00870-CV

———————————

Aloysius D. Hoang, Appellant

V.

Blanca Ortiz, Appellee



 



 

On Appeal from the County Civil Court at Law No. 2

Harris County, Texas



Trial Court Case No. 925926

 



 

MEMORANDUM OPINION

          Appellant,
Aloysius D. Hoang, appeals the trial court’s judgment rendered in favor of
appellee, Blanca Ortiz, after a bench trial. 
The judgment found Hoang, a co-defendant in the case below, but the only
appellant in this appeal, jointly and severally liable for civil conspiracy, in
the amount of $15,348.75.  In his first
two issues, Hoang contends that the trial court rendered a judgment that acts contrary
to the public interest, and that the trial court abused its discretion by
acting arbitrarily and unreasonably.  In
his third and fourth issues, Hoang contends the evidence is legally and
factually insufficient to support the trial court’s implied finding that he was
a co-conspirator in a civil conspiracy.  We
sustain Hoang’s third issue and hold the evidence is legally insufficient to
support a finding that Hoang acted as a co-conspirator.   

          We
reverse and render.

BACKGROUND

          In
February 2008, Ortiz leased a retail space from Hung Duc Bui and Hue Thi Tran,
the original and non-appealing defendants in this case.  Bui and Tran agreed to make improvements to
the retail space so that Ortiz could use the space to open a restaurant.  The agreement consisted of two contracts, a
Retail Lease Contract and a Lease Deposit Agreement.  Bui and Tran made improvements on the space,
but the improvements were not built according to proper code guidelines and failed
to pass inspection.  Ortiz was,
therefore, unable to open her restaurant and she stopped paying rent to Bui and
Tran in August 2008.  

Bui and Tran filed a forcible
detainer suit in Harris County to evict Ortiz; however, the judge ruled in
favor of Ortiz and allowed her to remain in the space.  Bui and Tran appealed to county court.  In September 2008, Ortiz sued Bui, Tran, and
their property companies in county court for breach of contract and other
causes of action including civil conspiracy. 
Bui and Tran appeared through counsel, Triet Phan, in October 2008.  The forcible detainer appeal and breach of
contract suit were later consolidated. 

          In
April 2009, Bui and Tran approached Hoang for a one-hour pro-bono legal consultation.  At the start of the consultation, Bui
presented Hoang with the Retail Lease Contract. 
Bui told Hoang that he was involved in a breach of contract lawsuit related
to the contract.   Neither Bui nor Tran informed Hoang that they
had petitioned for a forcible detainer; that they had lost and Ortiz had been
allowed to remain on the property; or, that the forcible detainer had been
consolidated with Ortiz’s breach of contract suit.  Hoang told Bui and Tran that he could not
help them on any matters regarding the lawsuit and that they should discuss
those matters with the attorney representing Bui at that time.  Bui responded that he was not asking Hoang
for advice regarding the lawsuit, but was merely asking, based upon the details
in the contract, what his basic remedies were if someone did not pay him rent
for eight months.  Hoang reviewed the
Retail Lease Contract only, and he advised Bui that if no rent had been paid
for eight months he had three potential remedies pursuant to the contract.  Hoang stated that Bui could (1) choose not to
do anything, (2) file an eviction, or (3) foreclose.  As part of the foreclosure option, Hoang
stated that pursuant to the contract, Bui and Tran had the option to lock Ortiz
out of the property and sell her kitchen equipment.  Hoang did not otherwise explain the steps
involved in foreclosing on the property. 
Bui and Tran asked if this was the extent of the possible remedies, and
Hoang replied affirmatively.  Bui and
Tran then left the consultation.  They
did not hire Hoang to represent them.  

The day after the consultation, Bui
and Tran changed the locks and sold Ortiz’s kitchen equipment.  They did not provide any contact information
or give notice to Ortiz that they had changed the locks.  Ortiz was unable to recover the kitchen
equipment.  

Ortiz filed a motion for reentry and,
on May 5, the trial court heard Ortiz’s motion for reentry and ordered Bui and
Tran to give her the new keys and return all of her personal property.  Bui and Tran failed to comply with the court’s
order.  Ortiz subsequently filed a motion
for contempt. 

          On
May 12, Bui again contacted Hoang and informed him that he had been summoned to
appear at a contempt hearing set for the following day and that his attorney,
Phan, was withdrawing as counsel.  Hoang
learned at that point that Bui and Tran had locked Ortiz out of the space, had
sold her equipment, and were now facing contempt of court.  Bui told Hoang that he and Tran did not plan
to appear at court because they did not care about the hearing.  Hoang advised him to appear, but Bui replied
he also did not have the money to pay an attorney to represent him.  Bui then asked Hoang to represent him pro
bono for the contempt hearing only and Hoang agreed.   

On May 13, Hoang appeared with Bui
and Tran at the contempt hearing.  At the
hearing, he learned that Bui and Tran had filed a forcible detainer but had
lost, and that Ortiz had been awarded possession of the premises before Bui and
Tran changed the locks and sold her equipment. 
Hoang informed the court that he did not know about these facts when he
advised Bui and Tran.  Phan, Bui and Tran’s
former counsel, was also at the hearing and also informed the court that Bui
and Tran had not kept Phan informed of their actions, including the lock-out
and sale of Ortiz’s equipment.  The trial
court found Bui and Tran in contempt and sanctioned them.  After the contempt hearing, Ortiz amended her
petition and added Hoang as a co-defendant. 
 

Hoang appeared for trial as a
co-defendant.  Bui and Tran were not at
trial.  Hoang informed the court that he
had tried to convince Bui and Tran to come to the trial, but Bui informed him
that “they don’t care anymore.”  At trial,
Ortiz and her counsel, Javier Marcos, testified.  Hoang testified regarding his interactions
with Bui and Tran.  Without objection,
Hoang tendered an affidavit by Bui that also discussed Bui’s interactions with
Hoang.  Ortiz read portions of Bui’s
testimony from the contempt hearing.  

At the conclusion of the trial, the
trial court remarked that it “just [did not] know if [there] was civil conspiracy
for joint and several liability.”  As a
result, the trial court asked for briefing on the civil conspiracy issue from
both Hoang and Ortiz and stated it would enter judgment approximately 30 days
from the trial date.  Both parties
submitted briefs.  The trial court entered
a judgment against Bui and Tran for joint and several liability on damages
totaling $203,169.45, and entered judgment against Hoang for joint and several
liability on damages totaling $15,348.75 for the civil conspiracy claim only.  This appeal followed.

LEGAL SUFFICIENCY

          In
his third issue, Hoang contends the evidence is legally insufficient to support
the trial court’s implied finding that he was a co-conspirator in a civil
conspiracy.

          A.      Standard
of Review

The record on appeal contains the
reporter’s record of the bench trial, but no party requested or proposed post-judgment
findings under rule 296 of the Texas Rules of Civil Procedure.  See Tex. R. Civ. P. 185.  A request for findings of fact and
conclusions of law is not required to question the sufficiency of the
evidence.  Pruet v. Coastal States Trading, Inc., 715 S.W.2d 702, 704 (Tex. App.—Houston
[1st Dist.] 1986, no writ).  When there
are no findings of fact and conclusions of law, however, we may infer that the trial
court made all the findings necessary to support its judgment.  BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002); Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990).  We presume, therefore, that
the trial court found all questions of fact in support of the judgment, and we
must affirm the judgment if it can be upheld on any legal basis supported by
the pleadings and the evidence.  See Point Lookout W., Inc. v. Whorton,
742 S.W.2d 277, 278 (Tex. 1987); see also
Worford, 801 S.W.2d at 109; Fair Deal
Auto Sales v. Brantley, 24 S.W.3d 543, 546 (Tex. App.—Houston [1st Dist.]
2000, no pet.).  Because the record
includes the reporter’s record, the trial court’s implied findings of fact may
be challenged in this Court for legal and factual sufficiency.  See BMC
Software Belgium, 83 S.W.3d at 795;
Fair Deal Auto Sales, 24 S.W.3d at 546.

Under the legal-sufficiency
standard, we must credit evidence that supports the judgment if reasonable and
jurors could, and disregard contrary evidence unless reasonable jurors could
not.  See
City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  If the evidence falls within the zone of
reasonable disagreement, we may not invade the fact-finding role of the trial
court, who alone determines the credibility of the witnesses, the weight to
give their testimony, and whether to accept or reject all or any part of that
testimony.  See id. at 822.  

When, as here, the complaining
party challenges the legal sufficiency of the evidence underlying an adverse
finding on which he did not have the burden of proof, he must demonstrate that
there is no evidence to support the finding.  Scottsdale
Ins. Co. v. Nat’l Emergency Servs., Inc., 175 S.W.3d 284, 300 (Tex.
App.—Houston [1st Dist.] 2004, pet. denied). 
We must sustain a no-evidence contention only if (1) the record reveals
a complete absence of evidence of a vital fact; (2) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact; (3) the evidence offered to prove a vital fact is no more
than a mere scintilla; or (4) the evidence establishes conclusively the
opposite of the vital fact.  See City of Keller, 168 S.W.3d at 810; Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997).  If, alternatively,
more than a scintilla of evidence supports the finding, the no-evidence
challenge fails and the evidence to support the finding is legally sufficient.  Scottsdale
Ins. Co., 175 S.W.3d at 300 (citing Lee
Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001)).  More than a scintilla of evidence exists if
the evidence rises to a level that enables reasonable and fair-minded people to
differ in their conclusions.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
601 (Tex. 2004).  Less than a scintilla
of evidence exists when the evidence is so weak as to do no more than create a
mere surmise or suspicion of a fact.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003).

 

 

B.      Civil Conspiracy

A civil conspiracy is a combination
by two or more people to accomplish an unlawful purpose or to accomplish a
lawful purpose by unlawful means.  See Goldstein v. Mortenson, 113 S.W.3d
769, 778 (Tex. App.—Austin 2003, no pet.). 
A conspiracy requires a preconceived plan and unity of design and
purpose.  Id.  “The required elements
of a civil conspiracy are (1) two or more persons; (2) an object to be
accomplished; (3) a meeting of the minds on the object or course of action; (4)
one or more unlawful, overt acts; and (5) damages as a proximate result.”  Greenberg
Traurig of N.Y., P.C. v. Moody, 161 S.W.3d 56, 80 (Tex. App.—Houston [14th
Dist.] 2004, no pet.).   In addition,
civil conspiracy requires specific intent to agree to accomplish an unlawful
purpose or to accomplish a lawful purpose by unlawful means.  A.H.
Belo Corp. v. Corcoran, 52 S.W.3d 375, 384 (Tex. App.—Houston [1st Dist.]
2001, pet denied) (citing Juhl v.
Airington, 936 S.W.2d 640, 644 (Tex. 1996)).  An attorney may be liable to a third person
if he knowingly commits a fraudulent act or knowingly enters into a conspiracy
to defraud a third person.  Lesikar v. Rappeport, 33 S.W.3d 282, 302
(Tex. App.—Texarkana 2000, pet. denied) (citing Likover v. Sunflower Terrace II, Ltd., 696 S.W.2d 468, 472 (Tex. App.—Houston
[1st Dist.] 1985, no writ)).

 

 

C.      Analysis

Hoang contends the evidence is
legally insufficient to support the trial court’s implied finding that he was a
co-conspirator in a civil conspiracy.  We
first address whether there was an underlying tort or other unlawful means or
purpose to support the trial court’s civil conspiracy finding.  Chu v.
Hong, 249 S.W.3d 441, 444 (Tex. 2008) (noting “[c]onspiracy is a derivative
tort”); Gary E. Patterson & Assocs.,
P.C. v. Holub, 264 S.W.3d 180, 204 (Tex. App.—Houston [1st Dist.] 2008,
pet. denied) (“Civil conspiracy is a derivative action premised on an
underlying tort.”).  Ortiz alleged
several causes of action, including conversion and fraud.  Because there are no findings of fact and
conclusions of law, we infer that the trial court found an underlying unlawful
act that supports Ortiz’s conspiracy claim. 
See Chu, 249 S.W.3d at 444
(recognizing tort of conversion as cause of action that will support civil
conspiracy claim); Lesikar, 33 S.W.3d
at 302 (recognizing tort of fraud as cause of action that will support civil
conspiracy claim).

Next, we review whether there was
evidence of civil conspiracy.  Ortiz contends
that each of the required elements of civil conspiracy were met.  Ortiz asserts that (1) two or more persons
were involved in the conspiracy because Hoang met with Bui and Tran; (2) there
was an object to be accomplished because Hoang instructed Bui and Tran that
they could sell her equipment; (3) their minds met once Hoang instructed Bui and
Tran that they could sell her equipment as a legal remedy; (4) an unlawful act
occurred when Bui and Tran sold her equipment without following statutorily
required procedures; and (5) she suffered damages as a proximate result of Bui’s
and Tran’s sale of her equipment.  Ortiz
does not address whether Hoang had the specific intent to conspire against
Ortiz.  Hoang, on the other hand, asserts
there is no evidence to support at least one element of Ortiz’s civil
conspiracy claim and no evidence that he had the specific intent to commit
civil conspiracy.  

Hoang testified at trial and
provided the following version of events. 
Bui and Tran approached him for a one-hour, pro-bono consultation that
Hoang periodically gave to members of the Houston Vietnamese community.  At the start of the consultation, Bui and
Tran presented Hoang with the Retail Lease Contract.  Hoang reviewed the retail lease contract only.  Bui and Tran notified Hoang that they were
involved in a breach of contract lawsuit involving the contract.  Hoang told them that he could not help him on
any matters regarding the lawsuit and that those matters must be discussed only
with the attorney representing Bui and Tran at that time.  Bui responded that he was not asking Hoang for
advice regarding the lawsuit, but was merely asking, based upon the details in
the contract, what his basic remedies were if someone did not pay him rent for
eight months.  Hoang then read the
contract to Bui, translating the contract from English to Vietnamese.  In explaining the remedies section of the
contract, Hoang read:

Landlord may enter, take
possession of the premises by self-help, by picking or changing the locks if
necessary, and may lock out tenant or any other person who may be occupying the
premises until the default is cured, without being liable for damages.  

 

Hoang told Bui and Tran that if no rent had been
paid for eight months, pursuant to the contract, he had three potential
remedies.  Bui and Tran could (1) choose
not to do anything, (2) file an eviction, or (3) foreclose.  Hoang did not specifically explain the steps
involved in foreclosing property.  Hoang also
did not specifically advise Bui and Tran to lock-out Ortiz or sell her property;
however, he did state that if Ortiz had not paid the rent, “pursuant to the
contract,” Bui and Tran had “the right to lock [Ortiz] out” and “litigate the
damages.”  Hoang also advised Bui and
Tran that if they wanted to file an eviction, they should find an attorney or
enlist the attorney that they already had. 
Bui and Tran asked if this was the extent of possible remedies, and
Hoang replied affirmatively.  Bui and
Tran then left the consultation without retaining Hoang.

Hoang also testified that Bui did
not tell him, and that he did not know, that Bui and Tran had filed for a
forcible detainer but had lost.  He did
not know that the court had allowed Ortiz to stay in the space or that Bui and
Tran had appealed the forcible detainer decision.  He further testified that if he had about the
court’s decision regarding the forcible detainer, he would have advised Bui
differently regarding the foreclosure option. 
He testified that he did not have any control over Bui and Tran
regarding what they chose to do.  At the
end of Hoang’s testimony, the trial court asked Hoang to confirm that (1) he
told Bui and Tran that they could foreclose on the equipment and sell it, (2)
he gave the foreclosure advice without explaining to Bui and Tran the proper
procedures to follow, and (3) Bui and Tran left Hoang’s office under the
impression that it would be appropriate to sell the equipment.  Hoang answered affirmatively to all three
questions.  

Bui also testified during the
motion for contempt hearing.  He
testified that he sold Ortiz’s equipment because Hoang advised him that he
could sell it.  Bui also made statements
in an affidavit that Hoang presented to the trial court without objection.  In the affidavit, Bui made the following
statements.  During the consultation, Bui
asked Hoang to review the Lease Contract. 
Bui notified Hoang that another party had sued them for breach of the Retail
Lease Contract.  When Bui told Hoang that
he had counsel representing him regarding the lawsuit, Hoang told him he could
not discuss the lawsuit.  Bui then asked
Hoang whether or not he could lease the property or foreclose on the equipment
if the tenant had not paid for eight months. 
Hoang responded that if there were defaults for eight consecutive
payments, and if there were no temporary restraining orders or no temporary
injunction orders, pursuant to the contract, he could (1) not do anything, (2)
file and eviction and lease the property to someone else, or (3)
foreclose.  Bui did not inform Hoang that
his other attorney had filed a forcible detainer, that they had lost, or that
Ortiz had the right to remain on the premises pursuant to the court’s order.   

On appeal, Ortiz contends there was
an “object to be accomplished” because Hoang instructed Bui and Tran to sell
her equipment.  The record does not show
that Hoang specifically instructed Bui and Tran to sell Ortiz’s equipment.  The record shows instead that Hoang advised
Bui and Tran based upon a limited knowledge of the facts, that he believed
foreclosure on Ortiz’s property was a legal remedy available to Bui and Tran,
and that they should seek the assistance of counsel.  The record shows that when Hoang offered this
advice he was aware that there was a dispute over the Retail Lease Contract,
but was not aware of the other legal proceedings regarding Bui’s and Tran’s
dispute with Ortiz because Bui did not inform Hoang.  We conclude that there is no evidence that
Hoang offered this advice as part of a larger scheme to defraud Ortiz or that
defrauding Ortiz was the object to be accomplished when he offered the advice.

Ortiz next asserts that there was a
meeting of the minds when Hoang instructed Bui that he could sell Ortiz’s
equipment as a legal remedy.  Although
Hoang told Bui that a foreclosure consisting of a self-help lock-out and
equipment sale was a possible legal remedy, there is less than a scintilla of
evidence that Hoang specifically intended to injure Ortiz through his advice or
that he knew his advice would result in injury to Ortiz.  Even if Bui and Tran had previously conspired
to injure Ortiz, Hoang’s involvement was merely collateral, and there is no
evidence that Hoang knew of any intent by Bui and Tran to injure Ortiz.  Laxson
v. Giddons, 48 S.W.3d 408, 410 (Tex. App.—Waco 2001, pet. denied) (“One
without knowledge of the object and purpose of a conspiracy cannot be a
conspirator; he cannot agree, either expressly or tacitly, to the commission of
a wrong which he knows not of.”); see
also Goldstein, 113 S.W.3d at 779 (noting proof that individual had some
collateral involvement in transaction is insufficient of itself to establish
that defendant was conspirator).  

Finally, there is no evidence in
the record that Hoang advised Bui of the option to foreclose on Ortiz’s
property because he had the specific intent to accomplish an unlawful purpose
or lawful purpose by unlawful means.  See A.H. Belo Corp., 52 S.W.3d at
384.  For specific intent to exist in a
civil conspiracy claim, the parties must be aware of the harm or wrongful
conduct at the beginning of the agreement among them and intend to cause that
harm through illegal means.  San Antonio Credit Union v. O’Connor,
115 S.W.3d 82, 91 (Tex. App.—San Antonio 2003, pet. denied).  There is no evidence that Hoang was aware
that an illegal act would occur if Bui and Tran foreclosed on Ortiz’s equipment
when he advised foreclosure as an available legal remedy.  Additionally, there is no evidence that Hoang
intended to harm Ortiz when he advised Bui and Tran that he could foreclose on
her equipment.

Viewing the evidence in the light
most favorable to the trial court’s ruling, we conclude that a reasonable
factfinder could not have formed a firm belief or conviction that Hoang acted
as a co-conspirator because there no evidence of either the requisite “object
to be accomplished,” or “meeting of the minds,” and no evidence that Hoang had
the specific intent to injure Ortiz. 
Consequently, we hold that the evidence is legally insufficient to
support the trial court’s civil conspiracy finding.  See San
Antonio Credit Union v. O’Connor, 115 S.W.3d 82, 94 (Tex. App.—San Antonio
2003, pet. denied) (holding evidence legally insufficient to support conspiracy
finding when there was no direct or circumstantial evidence of specific intent);
see also City of Keller, 168 S.W.3d at
810; Greenberg Traurig, 161 S.W.3d at
80.  

We sustain Hoang’s third issue.  




 

CONCLUSION

We reverse the judgment of the
trial court and render judgment that Ortiz take nothing on her civil conspiracy
claim against Hoang.  In light of this
disposition, we need not address Hoang’s remaining issues on appeal.

 

 

 

Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.